12421. PAYNE, agent, *v.* MEADOWS.

</div>

BLOODWORTH, J. 1. The petition as amended set out a cause of action, and the court did not err in overruling the demurrer.

2. Under the evidence in the case, and when read in connection with the remainder of the charge, there is no error in the excerpts from the charge of which complaint is made in the motion for new trial.

3. The verdict is not without evidence to support it, and is not excessive in amount. The trial judge found no fault with it, and this court will not disturb it.

<div align="center">

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 6, 1921.

</div>

Action for damages; from city court of Oglethorpe — Judge Greer. March 22, 1921.

Because of having been carried beyond the station at her destination by a railroad-train upon which she was a passenger, Mrs. Meadows sued the Federal director-general of railroads for damages. She obtained a verdict for $350. The case came to the Court of Appeals on the defendant's exceptions to the overruling of a demurrer to the petition, and of a motion for a new trial.

The petition alleged, in substance, that the plaintiff bought a ticket for passage to Montezuma, Georgia, on a train operated by the defendant, which was due to arrive at that place about 11:30 o'clock at night; that she was sick and in an emaciated condition, and, after traveling for some time on the train, she changed from a day-coach to a night Pullman car, and, on reaching a point about ten miles from Montezuma, notified the conductor and the

porter that on account of her sick and feeble condition she would need help in departing from the train at Montezuma; that her mother, who was with her, was very old and feeble, and she wanted plenty of time and help to alight safely from the train; and thereupon she was assured by the conductor and the porter that she would be given such time and assistance; but when the train reached the station at Montezuma it failed to stop, and finally came to a stop several hundred yards beyond the station; that her husband had an automobile awaiting her arrival at the usual place for the Pullman car to stop, but when the train passed its usual stopping place and stopped several hundred yards up the track, he drove the automobile back to his home; (paragraph 9) that the place to which she was carried beyond the station and where she alighted from the train was very dark and impassable, and her mother was unable to render her any assistance; that the cross-ties on which the rails rested were entirely upon the surface, and the clinkers were stumbling blocks; that it was severely cold, she was hardly able to walk, and the cold and the excitement were very damaging to her physical and mental condition; that when she boarded the train she was rapidly recuperating from influenza, and, on account of being exposed to the severe cold for an hour or more, together with the attendant excitement, she had a relapse of the influenza, which lasted for six weeks, with a menstrual trouble from which she did not recover.    Paragraph 10 alleged: that " defendant, in not stopping his train at the usual place, did negligently carry petitioner by and put her off some several hundred yards up the track at midnight in the severe cold weather, and, on account of the negligence of said defendant in not stopping said train, the said defendant was seriously and permanently damaged, to wit: that the injuries to her health [were?] on account of the negligence of the defendant aforesaid; that she has suffered and will suffer in the future great mental pain and anguish on account thereof; that she was greatly annoyed and suffered great inconvenience because of being carried by the station at Montezuma, as hereinbefore stated, all to her damage in the sum and amount of $5,000." By amendment it was alleged, that the defendant was further negligent in not stopping the train a reasonable length of time for the plaintiff to alight in safety at the station; in not furnishing to her a safe place to alight from

the train; in not assisting her to alight from the train at the station; in putting her off and causing her to leave and alight from the train at a dangerous and unsafe place and a place other than the destination called for by her contract of passage; in failing to back the train to the station so that she could have a place to alight in safety when the defendant discovered her presence on the train after it had passed or on leaving the station at Montezuma; in not announcing to her the approach of the train to the station at Montezuma, and in not notifying her when the train had reached the station.

The defendant demurred to the petition generally and specially. The special grounds relied upon in the brief of counsel were, in substance, that the allegations of paragraphs 9 and 10 of the petition were too vague and indefinite, and set forth conclusions of the pleader, without the facts upon which they were based.

The first special ground of the motion for a new trial is: "Because the verdict is excessive, not warranted by the evidence, and shows bias and prejudice on the part of the jurors trying the case, and because the evidence shows that the plaintiff is entitled to nominal damages only."

For the alleged reasons that the instructions complained of were not authorized by the evidence, that the evidence showed that the inconvenience and physical illness of the plaintiff were not a natural or reasonable consequence of the alleged tort and could not have been anticipated, that she suffered nothing more than mental anguish, or physical pain unaccompanied by physical injury, and her pain and suffering were not the result of the alleged tortious act, but were due to other and contingent circumstances, the motion for a new trial assigns error upon the following extract from the charge of the court: "The plaintiff sues in this case for pain and suffering and also for permanent injuries which she claims she has sustained. If you think she is entitled to recover, you would, in estimating the damage, allow her such an amount as in your judgment, under the evidence, would compensate her for the pain and suffering which she has already endured by reason of the injury received, if you believe, under the evidence, she will continue to suffer. The loss of capacity to labor, occasioned by physical injury, may be considered by the jury as in the nature of pain and suffering, although no pecuniary loss therefrom may be shown."

It is alleged that the court erred in charging as follows: "If you believe, however, that the negligence on the part of the defendant was such as to cause her the injury which she alleges in her petition, then you would be authorized to find in her favor such an amount as you might see fit and proper as damages for the injury which she has sustained, as you may find from the evidence. This amount of damages you must arrive at from the evidence, as upright and impartial jurors. Under our law, where a person is entitled to recover damages for pain and suffering, the enlightened mind and conscience of the jury, of impartial jurors, is the only manner in which the amount could be estimated; and in giving damages for pain and suffering under these circumstances the jury should be careful not to act oppressively or do an injustice to either party." This extract from the charge is complained of for reasons similar to those stated in the preceding ground of the motion for a new trial, and for the reason that "the recovery should have been limited by the charge of the court to nominal damages only."

*Felton & Felton, Yeomans & Yeomans,* for plaintiff in error.
*G. C. Robinson, T. S. Felder,* contra.